PER CURIAM.
— Order affirmed, with costs and disbursements, upon opinion of the court at special term.
The opinion of Mr. Justice Ingraham at special term is as follows:
I do not think there was anything before the tax commissioners to justify them in making assessment that they did. Under chapter 456 of the Laws of 1857, the commissioners were required to ascertain the valuation of the whole property owned by the corporation, whether real-and personal, or both, in. order to ascertain the capital which was the subject of taxation (People ex rel. Eq. G. L. Co. v. Barker, 144 N. Y. 94; 63 St. Rep. 33), and from the aggregate deduct the debts of - the corporation, and any exemption allowed by law. The only evidence before the commissioners appears to have been the two statements made by the company, and an affidavit of its president, by which it appears that the total assets of the company, including all its property, were $197,988.90; that the liabilities were debenture certificates actually issued, amounting to $148,300, and certificates agreed to be issued ior services and property purchased, and for which the company was indebted $55,650, making an aggregate of $203.950,—show-ing the coporation to be insolvent. It is stated in the first statement rendered that the capital stock actually paid in, of $400,000 was “paid by sale of good will, and service; ” but there is nothing to show that at the time the statement was made, on the second Monday in January, 1894, this good will and services for which *153 the capital stock was issued was of any value, and that fact is accompanied by the express statement, under oath, that the total gross assets of the corporation were $197,988.90. It is true, the statement made by the corporation is not conclusive upon the tax commissioners, but at the same time they must have some evidence before them to justify their action. They could have required the officers of this corporation to appear before them and submit to an examination as to the property owned by the company for which this capital stock was issued. They omitted to require such testimony, but, according to their return, did accept the statement of the officers of the company as to the amount of its assets, disallowing certain alleged indebtedness because the statement said that the debentures representing that indebtedness had not been issued. In that the commissioners were clearly in error, as the amount of the indebtedness for which the company had agreed to issue these debentures is just as much the indebtedness of the company as if the debentures had been issued. The commissioners having accepted this statement of $197,988.90 as the total gross assets of the company, the court cannot say, upon the evidence before it, that they should have found that the capital stock of $400,000 was unimpaired. On the contrary, I am of the opinion that, upon the evidence before the board, there was nothing upon which to sustain such a finding. I think, therefore, the proceeding of the tax commissioners must be reversed, and the assessment vacated.